# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KAREN GROSZKIEWICZ, | ) | CASE NO. 1:22-cv-65 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING** |
| v. | ) | **DEFENDANTS' MOTION TO** |
| | ) | **STAY DISCOVERY** |
| EK REAL ESTATE FUND I, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## I. Procedural History

On June 16, 2022, Defendants moved for judgment on the pleadings. (ECF No. 19). Pursuant to that motion, Defendants filed a motion on June 24, 2022 requesting that the Court stay discovery pending a ruling on their motion for judgment on the pleadings. (ECF No. 20). Defendants argued that a stay of discovery would save undue burden and expense in addressing Plaintiff's claims that may be disposed of on the pleadings; they also asserted that further discovery will not alter the analysis of their motion for judgment on the pleadings. *Id*.

On July 8, 2022, Plaintiff opposed Defendants' motion to stay discovery. (ECF No. 25). Plaintiff argued that motions to stay discovery solely because there is a pending motion for judgment on the pleadings are routinely denied; they averred that such stays frustrate the ability of the judicial system to resolve cases, and there are less extraordinary ways to protect the interests and rights of Defendants without stopping discovery entirely. *Id*. On July 13, 2022, Defendants replied that the Court's burden would be reduced if discovery is stayed; they also argued that Plaintiff's discovery requests seek documents that are not relevant and unduly burdensome to produce. (ECF No. 26).

1

## II. Legal Standard

"It is well established that a district court can stay a case where procedurally appropriate." *dlhBOWLES, Inc v. Jiangsu Riying Electronics Co., Ltd.*, 2021 WL 6335001, at *2 (N.D. Ohio Dec. 10, 2021) (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014)). However, it is unpersuasive for a party to rely on the strength of its dispositive motion in moving to stay, unless the complaint is clearly frivolous. *Id.* (citing *Tarazi v. Oshry*, 2011 WL 1437052, at *4–5 (S.D. Ohio Apr. 12, 2011)). Unless the motion raises an issue such as immunity from suit or the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party that filed a standard motion to dismiss. *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, 2008 WL 641252 (S.D. Ohio Mar. 4, 2008).

## III. Analysis

There is always a possibility when a case dispositive motion is filed that the ultimate outcome of that motion could be dismissal of all claims, which would seemingly make any discovery in the case irrelevant. However, without prejudging Defendants' Motion for Judgment on the Pleadings, the Court cannot reach the conclusion that staying discovery will save undue burden and expense because there is no guarantee that any/all of Plaintiff's claims will be dismissed. Plaintiff's complaint is not clearly frivolous, so it would be inappropriate at this time to stay discovery.

Accordingly, the Court **DENIES** Defendants' motion to stay discovery.

**IT IS SO ORDERED**.

Dated: July 18, 2022

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**